### DENIKE v. TOWNS et al.

(Supreme Court, Appellate Division, Second Department. June 27, 1899.)

SLANDER OF TITLE—WHAT CONSTITUTES.

    Action for slander of title will not lie because of defendant selling plaintiff's property under execution, since such sale was predicated on the validity of plaintiff's title.

Appeal from special term, Kings county.

Action by Mary A. Denike against Mirabeau L. Towns and others. There was a judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. J. Morris, for appellant.

E. J. McCrossin, for respondents Towns and Denike.

Raphael J. Moses, in pro. per.

GOODRICH, P. J. It is very difficult to ascertain, from the meager and unsatisfactory record on this appeal, what cause of action the plaintiff is endeavoring to maintain. The complaint alleges that the plaintiff was the owner of a house and lot on Douglass street and of another on Myrtle avenue; that, with intent to injure her, the defendants maliciously and falsely asserted that her title to the premises was not valid, and caused a notice of sale by the sheriff under execution on a false and pretended judgment, and that under such execution the property was sold to the defendants without authority of law, to the plaintiff's damage $1,500; and that, for the purpose of clearing her title, the plaintiff was obliged to pay $190, which she claims as special damages. The record contains a return by the sheriff, dated July 29, 1895, in these words: "Satisfied by sale of defendant Mary A. Denike's right, title, and interest in real property. Wm. J. Buttling, Sheriff." It does not appear to what this return was made, or to what property it relates; but we may assume that it was made to an execution issued by the defendant Towns, as attorney for the defendant Denike, upon a judgment of the city court of Brooklyn, obtained by the latter against the present plaintiff and Charles W. Denike, for $1,579.40, on February 15, 1895, which judgment, on appeal to the general term, was reduced to $304.97, upon which a judgment was entered on July 1st at 11:20 a. m. The sale was made at 12 o'clock of that day. The execution was issued on the original judgment, on April 4th, intermediate the

rendition of the judgment and its reduction by the general term. At what time it was indorsed as reduced in accordance with the judgment of the general term does not appear. At the sale, the defendant Moses bid in the property. This sale was set aside by the court, on July 31st, for reasons which do not appear, as the record contains only the order to that effect. Counsel for the plaintiff contends, without evidence to support his claim, that both parcels were sold together by the sheriff, and that this is forbidden by section 1437 of the Code of Civil Procedure. It is sufficient to say that there is no such evidence in the record, although it is conceded in the brief of the respondent Moses that the sale was set aside for that reason. It is not singular that at the close of the trial the following occurred:

"Mr. Moses (in behalf of the defendants) said: I think this is a case where we are entitled to judgment, and I ask for the direction of a verdict. The Court: What case has been made out here? I do not quite get it. Mr. Moses: The action is made under section 1347 of the Code, which provides that no two parcels of property shall be sold. The Court: There is no such complaint here. Mr. Moses: The complaint says they sold two parcels of property, one at 149 Douglass, and the other at 213 Myrtle avenue, and the original execution was against Charles C. and Mary Denike. The Court: There is no allegation about two pieces here. Case dismissed."

The plaintiff excepted, and appealed. Her counsel expressly states in his brief that the action is for "slander of title," but, as the sale was predicated on the validity of the plaintiff's title, it is difficult to · see what ground there is for his contention.

The complaint was properly dismissed, and the judgment must be affirmed. All concur.